J-S12032-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| OTTO MCDONALD | : | |
| | : | |
| Appellant | : | No. 2800 EDA 2025 |
| | : | |

Appeal from the Judgment of Sentence Entered September 3, 2024
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0000116-2023

BEFORE:   McLAUGHLIN, J., SULLIVAN, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.:            **FILED JUNE 15, 2026**

Appellant, Otto McDonald, appeals from the judgment of sentence imposed by the Court of Common Pleas of Chester County after he entered a negotiated guilty plea to two counts each of rape of a child, involuntary deviate sexual intercourse ("IDSI") of a child, and aggravated indecent assault of a child, single counts of rape by forcible compulsion, IDSI by forcible compulsion, and aggravated indecent assault without consent, and three counts of unlawful contact with a minor.[1] His counsel has filed a brief and a petition to withdraw as counsel pursuant to **Anders v. California**, 386 U.S.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 18 Pa.C.S. §§ 3121(c) (Counts 131 and 275), 3123(b) (Counts 141 and 301), 3125(b) (Counts 151 and 326), 3121(a)(1) (Count 1), 3123(a)(1) (Count 26), 3125(a)(1) (Count 101), and 6318(a)(1) (Counts 76, 226, and 376), respectively.

738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). Upon review, we affirm and grant counsel's request to withdraw from representation.

In October of 2022, three minor victims disclosed to their mother that Appellant, their stepfather, had engaged in sexual contact with each of them. **See** N.T. Plea/Sentencing Hearing, 9/3/24, at 3. A ChildLine[2] report was filed, and Appellant was charged with numerous crimes related to the long-term sexual abuse of the victims. **See id.** at 5; **see also** Bill of Information, 3/17/23. On September 3, 2024, Appellant entered a negotiated guilty plea to the above-referenced convictions in exchange for a sentencing recommendation for an aggregate imprisonment term of thirty to sixty years and the withdrawal of hundreds of additional pending criminal charges in connection with his long-term abuse of his minor victims.[3] **See** N.T. Plea/Sentencing, 9/3/24, at 5-9. That same day, the court imposed the agreed-upon imprisonment terms. **See id.** at 13-15.

The trial court has explained the subsequent procedural history of this case, as follows:

---

[2] ChildLine is a unit of the Commonwealth's Department of Human Services that operates a statewide toll-free system for receiving reports of suspected child abuse, refers the reports for investigation, and maintains the reports for reference. **See** 55 Pa. Code § 3490.4 (defining "ChildLine").

[3] Appellant was initially charged with 449 criminal counts including charges for rape, IDSI, and related charges. **See** Bill of Information, 3/17/23, at 2-14.

[Appellant] filed a [*pro se*] post-sentence motion on September 18, 2024, which was denied by the sentencing court on December 6, 2024. A [*pro se*] notice of appeal was filed on January 13, 2025.

On April 11, 2025, defense counsel filed a notice of appeal. Following proceedings to determine if the appeal was timely filed pursuant to the prisoner mailbox rule, an order was entered by agreement of the parties on June 10, 2025[,] that the appeal was timely filed.[4] On June 11, 2025[,] this court entered an order requiring [Appellant] to submit a concise statement of errors complained of on appeal within twenty-one (21) days. On July 1, 2025, defense counsel filed a statement of intent to file [an] **Anders**[] brief pursuant to [Pennsylvania Rule of Appellate Procedure] 1925(c)(4).

[…]

An appeal having been taken, pursuant to [Pennsylvania Rule of Appellate Procedure] 1925(a), on July 7, 2025, this court filed a statement of the court and a notice to transmit the record to the [Pennsylvania] Superior Court ["(Superior Court)"]. Said statement was based upon the fact that defense counsel filed a statement of intent to file [an] **Anders**[] brief pursuant to [Rule] 1925(c)(4). Thereafter, it had come to this court's attention that[,] while [Appellant] was sentenced on September 3, 2024, his Sexually Violent Predator [("SVP")] hearing had yet to be held. Pursuant to **Commonwealth v. Schrader**, 141 A.3d 558 (Pa. Super. 2016), for purposes of appeal[,] a judgment of sentence does not become final until the SVP judgment is rendered. Therefore, since [Appellant's] judgment of sentence was not final, [Appellant's] appeal was premature. On July 31, 2025, this court filed a supplemental statement of the court informing the Superior

---

[4] We note that Appellant's *pro se* notice of appeal was a legal nullity. The prisoner mailbox rule generally only applies to when a prisoner is unrepresented by counsel. **See Commonwealth v. Williams**, 151 A.3d 621, 623 (Pa. Super. 2016) (explaining general rule that hybrid representation is not permitted); **Commonwealth v. Chambers**, 35 A.3d 34 (Pa. Super. 2011) (providing *pro se* prisoner's document is deemed filed on date he delivers to prison authorities for mailing pursuant to "prisoner mailbox rule").

Court as such. On August 6, 2025, the [] Superior Court quashed the appeal as premature.[5]

On August 1, 2025, the [SVP] hearing was held, and [Appellant] was found to be a [SVP]. On August 8, 2025, [Appellant] filed a post-sentence motion to withdraw his guilty plea. The Commonwealth filed a response on September 26, 2025[,] and an order was entered denying [Appellant's] request for post-sentence relief on October 14, 2025. [Appellant] filed a notice of appeal on October 28, 2025. On that same date, this court entered an order requiring [Appellant] to submit a concise statement of errors complained of on appeal within twenty-one (21) days. On November 10, 2025, defense counsel filed a statement of intent to file [an] **Anders**[] brief pursuant to [Rule] 1925(c)(4).

Trial Court Opinion, 11/13/25, at 3-5 (unnecessary capitalization omitted and brackets added).

We note that counsel filed an untimely docketing statement for the instant appeal, and this Court issued an order dismissing this appeal for his failure to comply with Pennsylvania Rule of Appellate Procedure 3517. **See** Order, 1/10/26; Pa.R.A.P. 3517 ("Failure to file a docketing statement may result in the dismissal of the appeal."). On January 10, 2026, counsel filed an application for reconsideration of the order explaining that he was experiencing technical difficulties and mailed the docketing statement. **See** Application for Reinstatement of Appeal, 1/10/26. Following our review, we granted counsel's application and reinstated this appeal. **See** Order, 1/29/26.

In counsel's **Anders** brief, he identifies that Appellant seeks to challenge: (1) the trial court's denial of his motions seeking the withdrawal of

_____

[5] The quashed appeal was docketed with this Court at 172 EDA 2025.

- 4 -

his guilty plea, including a *pro se* motion filed between the sentencing hearing and the SVP hearing, and a counseled post-sentence motion filed after the SVP hearing; and (2) the effectiveness of his plea counsel. **See Anders** Brief at 12.

Counsel who believes an appeal is frivolous and seeks to withdraw from representation under **Anders** must:

> (1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) furnish a copy of the **Anders** brief to the appellant; and (3) advise the appellant that he or she has the right to retain private counsel or raise additional arguments that the appellant deems worthy of the court's attention.

**Commonwealth v. Gabra**, 336 A.3d 1052, 1056 (Pa. Super. 2025) (citation omitted; some parentheses added). In **Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009), our Supreme Court set forth clear standards for the content of the **Anders** brief, requiring that the brief:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361. Once counsel has satisfied the **Anders** requirements, this Court has a duty to conduct its own review and make an independent determination whether the appeal is wholly frivolous. **See**

- 5 -

*Commonwealth v. Yorgey*, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*) (citation omitted).

After careful review, we conclude that counsel has complied with the *Anders* standard for withdrawal. Counsel filed an *Anders* brief that met the requirements set forth in *Santiago*.[6] Further, counsel filed a petition to withdraw with this Court and opined that he "made a conscientious examination of the record in this case and has determined that an appeal is wholly frivolous." Application to Withdraw as Counsel, 2/13/26, at ¶ 6. Additionally, counsel's letter to Appellant, advising him of his right to proceed *pro se* or with the assistance of newly-retained counsel, is attached as an exhibit to the application to withdraw and states that counsel appended a copy of the application of the *Anders* brief to the letter. *See id.* at ¶ 7, Exhibit B (*Anders* Letter). Having concluded that counsel fully complied with *Anders*, we must independently review the record to determine if Appellant's issues are frivolous and if there are any other, non-frivolous issues that he could pursue. *See Yorgey*, 188 A.3d at 1197.

First, Appellant claims that the trial court erred by denying his post-sentence motions to withdraw his guilty plea. *See Anders* Brief at 14; Motion

_____

[6] Counsel's *Anders* brief provides a summary of the procedural and factual history. *See Anders* Brief at 9-11. Counsel referred to the facts that arguably support the appeal. *See id.* at 16-17, 22-23. Finally, counsel states the appeal is frivolous and explains his reasoning with discussion of the facts of the record and relevant case law. *See id.* at 18-23.

to Withdraw Guilty Plea, 8/8/25.[7] **See Gabra**, 336 A.3d at 1057 (citation omitted). Given that his initial *pro se* plea withdrawal motion was a nullity, **see** fn. 6, Appellant did not technically seek to withdraw his plea until the SVP hearing on August 1, 2025, nearly eight months after the trial court seemingly ruled on the *pro se* motion at a December 6, 2024 hearing, following the completion of Appellant's SVP evaluation. **See** N.T. SVP Hearing, 8/1/25, at 6. In Appellant's August 8, 2025 post-sentence motion to withdraw his guilty plea, that was filed by counsel, he stated that he "maintain[ed] his innocence to all the charges filed against him." Motion to Withdraw Guilty Plea, 8/8/25, at 3. Also, Appellant claimed that, at the time of his plea, he was "under the

_____

[7] Counsel correctly states that, since Appellant's SVP hearing had not been held at the time that his *pro se* motion was filed, the judgment of sentence was not final and we must regard that *pro se* motion, styled as a post-sentence motion, as a pre-sentence motion to withdraw a guilty plea. **See id.** at 14-15; **Commonwealth v. Torres**, 327 A.3d 640, 646-47 (Pa. Super. 2024) (concluding Torres's plea withdrawal motion, that was filed in between the imposition of his negotiated imprisonment term and completion of his SVP evaluation, was properly considered under the presentence standard for plea withdrawal requests; Torres's judgment of sentence was not final until, after the SVP evaluation when the Commonwealth provided notice that it would not pursue an SVP designation). As a preliminary matter, we must point out that the September 18, 2024, *pro se* post-sentence motion was filed at a time at which Appellant was still represented by plea counsel. **See** *Pro se* Post-Sentence Motion, 9/18/24. Accordingly, that motion was barred from consideration by the trial court pursuant to our case law prohibiting hybrid representation and must be regarded as a legal nullity for this appeal. **See Commonwealth v. Ellis**, 626 A.2d 1137, 1139 (Pa. 1993) ("[T]here is no constitutional right to hybrid representation either at trial or on appeal."); **Commonwealth v. Nischan**, 928 A.2d 349, 355 (Pa. Super. 2007) (*pro se* post-sentence motion filed while Nischan was represented by counsel was a nullity, having no legal effect). Therefore, we will only discuss Appellant's counseled plea withdrawal motion filed **after** his SVP hearing.

influence of a combination of prescription medications which rendered him incapable of knowingly, voluntarily, and intelligently entering a guilty plea."

***Id.***

We review the denial of a post-sentence motion to withdraw a guilty plea for an abuse of discretion. ***See Commonwealth v. Kehr***, 180 A.3d 754, 757 (Pa. Super. 2018). The principles governing post-sentence motions to withdraw pleas are, as follows:

> [P]ost-sentence motions for withdrawal are subject to higher scrutiny since courts strive to discourage entry of guilty pleas as sentence-testing devices. A defendant must demonstrate that manifest injustice would result if the court were to deny his post-sentence motion to withdraw a guilty plea. Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily. In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. A deficient plea does not *per se* establish prejudice on the order of manifest injustice.

***Id.*** at 756-57 (citation omitted). Further:

> Once a defendant has entered a plea of guilty, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him. Therefore, where the record clearly demonstrates that a guilty plea colloquy was conducted, during which it became evident that the defendant understood the nature of the charges against him, the voluntariness of the plea is established. A defendant is bound by the statements he makes during his plea colloquy, and he may not assert grounds for withdrawing the plea that contradict statements made when he pled.

***Gabra***, 336 A.3d at 1057 (citation omitted).

Upon review of the plea hearing transcript, the Commonwealth placed detailed facts on the record to support Appellant's guilty plea. ***See*** N.T.

- 8 -

Plea/Sentencing Hearing, 9/3/24, at 3-5. Then, Appellant, on the record, after being duly sworn agreed with the facts as stated by the Commonwealth. *See id.* at 6. The sentencing court orally reviewed and confirmed a written guilty plea colloquy with Appellant where he stated that he was satisfied with his trial counsel, that he understood the written plea document, that he was not under the influence of any medication, and that he wished to enter his guilty plea on his own accord. *See id.* at 6-12; Written Guilty Plea Colloquy, 9/3/24. He also stated, "I am totally sorry for my actions, behavior and my decisions. Words cannot express the sorrow that I have in my heart for my actions and I hope that by me doing this would atone for my wrongdoing." N.T. Plea/Sentencing Hearing, 9/3/24, at 13.

Based upon the evidence in the record, Appellant knowingly and voluntarily entered the negotiated guilty plea. *See Gabra*, 336 A.3d at 1057. Therefore, we conclude that the court did not abuse its discretion in denying Appellant's counseled motion to withdraw his guilty plea. *See Kehr*, 180 A.3d at 757. In any event, Appellant may not contradict his statements that he was not under the influence of any medications and that he wished to plead guilty. *See Commonwealth v. Pier*, 182 A.3d 476, 480 ("A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradicts the statements he made at his plea colloquy."). Accordingly, Appellant's claim that the trial court erred in denying his motions seeking the withdrawal of his guilty plea is frivolous.

Next, Appellant claims that his trial counsel was ineffective for "allegedly not communicating with him and failing to obtain alleged exculpatory evidence." **Anders** Brief at 20. However, Counsel correctly states in the **Anders** brief that ineffective assistance of counsel claims generally must be raised on collateral review under the Post Conviction Relief Act (PCRA).[8] **See id.** at 20-21; **see also Commonwealth v. Watson**, 310 A.3d 307, 310 (Pa. Super. 2024) ("[T]rial courts should not entertain claims of ineffectiveness upon post-verdict motions; and such claims should not be reviewed upon direct appeal."). There are limited exceptions to this rule and, principally, unitary review of an ineffective assistance claim before the trial court and this Court, on direct review, should only occur: (1) in the extraordinary case where the trial court, in the exercise of its discretion, determines that the ineffective counsel claim is both meritorious and apparent from the record "so that immediate consideration and relief is warranted"; or (2) where good cause is shown for post-verdict review of ineffective assistance claims and the defendant has waived his right to PCRA review. **See id.** at 311 (citing **Commonwealth v. Holmes**, 79 A.3d 562, 576-78 (Pa. 2013)). Finally, our Supreme Court adopted a third exception which requires "trial courts to address the claims challenging trial counsel's performance where the defendant is statutorily precluded from obtaining subsequent PCRA review." **Commonwealth v. Delgros**, 183 A.3d 352, 361 (Pa. 2018).

---

[8] **See** 42 Pa.C.S. §§ 9541-9546.

Here, we note that the trial court did not address Appellant's ineffective assistance of counsel claim, however we may still analyze if any of these exceptions to the general rule requiring deferral to collateral review apply. Upon review, we conclude that the alleged ineffectiveness on the part of Appellant's plea counsel is not apparent on the face of the record nor does Appellant highlight an extraordinary circumstance for unitary review. *See Anders* Brief at 21-23. In fact, Appellant did not assert ineffectiveness of counsel in his post-sentence motion. *See* Post-Sentence Motion, 8/8/25. The record also fails to reflect that Appellant agreed to any waiver of his right to pursue review under the PCRA. Further, Appellant is not statutorily precluded from obtaining PCRA review. Accordingly, we find that Appellant must pursue any claims alleging ineffective assistance of counsel via the PCRA.

After our review, there are no other apparent meritorious issues for Appellant to raise. It is well-settled that the decision to enter a negotiated guilty plea results in a waiver of all defects and defenses except those concerning the jurisdiction of the trial court, the legality of the sentence, and the validity of the guilty plea. *See Commonwealth v. Morrison*, 173 A.3d 285, 290 (Pa. Super. 2017). We already addressed the validity of Appellant's guilty plea above, and there is no record support to suggest any viable claims challenging the jurisdiction of the court or the legality of Appellant's negotiated sentence. Therefore, the claims raised in the *Anders* brief lack merit and our independent review of the record has revealed no non-frivolous claims that

Appellant could have raised. *See Gabra*, 336 A.3d at 1056. We agree with counsel that this appeal merits no relief.

Judgment of sentence affirmed. Counsel's petition to withdraw is granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/15/2026